UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

Jefferson Bastos,

    Plaintiff,

versus

The Real Todd's Tickets Corp.,
Todd's Tickets Corp.,
Todd's Tickets, Inc.,
Hot Tixx, Inc.,
Front Row Tickets Inc.,
T R Communications Incorporated,  and
Todd A. Rubin,

    Defendants.
*****************************************************************************

## OVERTIME PAY & RETALIATORY DISCHARGE ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

The Overtime Pay and Retaliatory Discharge Action under the Fair Labor Standards Act of **Jefferson Bastos** avers:

### Statutes

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938 ("FLSA"), *as amended*, 29 U.S.C. § 201 *et seq.*, to recover overtime wages, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, costs and expenses of this litigation, and reasonable attorneys' fees.  Plaintiff also seeks all damages in the premises–including damages for lost wages, all pecuniary losses, and liquidated damages--for retaliatory discharge, in violation of the FLSA.

### Jurisdiction

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331

because this matter arises under the laws of the United States of America, specifically the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA" or "the Act").

## Parties Plaintiff

3. Plaintiff herein is **Jefferson Bastos**, a person of full age of majority, domiciled and residing in Miami-Dade County, Florida.

4. At all material times herein, Plaintiff was employed by Defendants, and frequently worked in excess of forty hours per week, but was not paid some or all "time and a half."

## Parties Defendant

5. Defendant herein is **The Real Todd's Tickets Corp.,** a Florida corporation authorized to do and doing business in Florida.

6. At all relevant times, The Real Todd's Tickets Corp. has owned and operated a business with a location in Miami-Dade County, Florida, and within the jurisdiction of this Court.

7. At all relevant times, The Real Todd's Tickets Corp. has been an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

8. At all relevant times herein, The Real Todd's Tickets Corp. has had annual gross receipts exceeding $500,000.00.

9. At all relevant times herein, The Real Todd's Tickets Corp. has regularly owned and operated a business, and utilized goods which moved in interstate commerce.

10. At all relevant times herein, The Real Todd's Tickets Corp. has had at least one employee engaged in "interstate commerce" under the FLSA.

11. At all relevant times, The Real Todd's Tickets Corp. has directed and controlled the

terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer and/or joint employer under the FLSA.

12. Defendant herein is **Todd's Tickets Corp.,** a Florida corporation authorized to do and doing business in Florida.

13. At all relevant times, Todd's Tickets Corp. has owned and operated a business with a location in Miami-Dade County, Florida, and within the jurisdiction of this Court.

14. At all relevant times, Todd's Tickets Corp. has been an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

15. At all relevant times herein, Todd's Tickets Corp. has had annual gross receipts exceeding $500,000.00.

16. At all relevant times herein, Todd's Tickets Corp. has regularly owned and operated a business, and utilized goods which moved in interstate commerce.

17. At all relevant times herein, Todd's Tickets Corp. has had at least one employee engaged in "interstate commerce" under the FLSA.

18. At all relevant times, Todd's Tickets Corp. has directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer and/or joint employer under the FLSA.

19. Defendant herein is **Todd's Tickets, Inc.,** a Florida corporation authorized to do and doing business in Florida.

20. At all relevant times, Todd's Tickets, Inc. has owned and operated a business with a location in Miami-Dade County, Florida, and within the jurisdiction of this Court.

21. At all relevant times, Todd's Tickets, Inc. has been an enterprise engaged in commerce

or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

22. At all relevant times herein, Todd's Tickets, Inc. has had annual gross receipts exceeding $500,000.00.

23. At all relevant times herein, Todd's Tickets, Inc. has regularly owned and operated a business, and utilized goods which moved in interstate commerce.

24. At all relevant times herein, Todd's Tickets, Inc. has had at least one employee engaged in "interstate commerce" under the FLSA.

25. At all relevant times, Todd's Tickets, Inc. has directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer and/or joint employer under the FLSA.

26. Defendant herein is **Hot Tixx, Inc.,** a Florida corporation authorized to do and doing business in Florida.

27. At all relevant times, Hot Tixx, Inc. has owned and operated a business with a location in Miami-Dade County, Florida, and within the jurisdiction of this Court.

28. At all relevant times, Hot Tixx, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

29. At all relevant times herein, Hot Tixx, Inc. has had annual gross receipts exceeding $500,000.00.

30. At all relevant times herein, Hot Tixx, Inc. has regularly owned and operated a business, and utilized goods which moved in interstate commerce.

31. At all relevant times herein, Hot Tixx, Inc. has had at least one employee engaged in

"interstate commerce" under the FLSA.

32. At all relevant times, Hot Tixx, Inc. has directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer and/or joint employer under the FLSA.

33. Defendant herein is **Front Row Tickets Inc.,** a Florida corporation authorized to do and doing business in Florida.

34. At all relevant times, Front Row Tickets Inc. has owned and operated a business with a location in Miami-Dade County, Florida, and within the jurisdiction of this Court.

35. At all relevant times, Front Row Tickets Inc. has been an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

36. At all relevant times herein, Front Row Tickets Inc. has had annual gross receipts exceeding $500,000.00.

37. At all relevant times herein, Front Row Tickets Inc. has regularly owned and operated a business, and utilized goods which moved in interstate commerce.

38. At all relevant times herein, Front Row Tickets Inc. has had at least one employee engaged in "interstate commerce" under the FLSA.

39. At all relevant times, Front Row Tickets Inc. has directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer and/or joint employer under the FLSA.

40. Defendant herein is **T R Communications Incorporated,** a Florida corporation authorized to do and doing business in Florida.

41. At all relevant times, T R Communications Incorporated has owned and operated a

business with a location in Miami-Dade County, Florida, and within the jurisdiction of this Court.

42. At all relevant times, T R Communications Incorporated has been an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

43. At all relevant times herein, T R Communications Incorporated has had annual gross receipts exceeding $500,000.00.

44. At all relevant times herein, T R Communications Incorporated has regularly owned and operated a business, and utilized goods which moved in interstate commerce.

45. At all relevant times herein, T R Communications Incorporated has had at least one employee engaged in "interstate commerce" under the FLSA.

46. At all relevant times, T R Communications Incorporated has directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer and/or joint employer under the FLSA.

47. At all relevant times, the businesses/entities named herein as defendants operated as a joint and/or unified enterprise and employer under the FLSA.

48. Defendant herein is **Todd A. Rubin**, a person of the full age of majority, residing in Miami-Dade County, Florida.

49. At all relevant times, Mr. Rubin has been an owner, officer, and/or director of the entities named herein.

50. At all relevant times, Mr. Rubin has directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer and/or joint employer under the FLSA.

**Facts**

51. As relevant to this litigation, Plaintiff was employed by Defendants from approximately December 2006 through December 2009 at Defendants' location in Broward.

52. Plaintiff was employed doing inside sales

53. Plaintiff was not paid all overtime compensation.

54. Plaintiff complained to his employer on several occasions that he was not paid overtime compensation, in violation of the law.

55. In December 2009, Plaintiff made the last such complaint to Todd Rubin.

56. Specifically, Plaintiff stated that he did not want to work extra hours, as was requested by Mr. Rubin, unless Mr. Rubin paid him time and a half.

57. Mr. Rubin summarily fired Plaintiff upon hearing this statement.

## COUNT 1 of 2:
### Fair Labor Standards Act Overtime Claims; Mr. Bastos against all Defendants

58. The allegations contained in paragraphs 1 through 57 are reasserted herein and incorporated by reference herein.

59. Pursuant to 29 U.S.C. § 207, Defendants were required not to employ Plaintiff for a workweek longer than forty hours without paying him compensation at rates not less than one and one-half times the employee's regular rates of pay.

60. During the employment of Plaintiff, Plaintiff frequently worked in excess of forty hours in a workweek.

61. However, Defendants negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay him all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

62. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and is entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and attorneys' fees.

### COUNT 2 of 2:
### Fair Labor Standards Act Retaliation Claims;
### Mr. Bastos against all Defendants

63. The allegations contained in paragraphs 1 through 57 are reasserted herein and incorporated by reference herein.

64. Pursuant to 29 U.S.C. § 207, Defendants were required not to employ Plaintiff for a workweek longer than forty hours without paying him compensation at rates not less than one and one-half times the employee's regular rates of pay.

65. During the employment of Plaintiff, Plaintiff frequently worked in excess of forty hours in a workweek.

66. However, Defendants negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay him all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

67. Defendants fired Plaintiff when he complained that he was not receiving overtime pay, in violation of **29 U.S.C. Section 15(a)(3)**.

68. Pursuant to 29 U.S.C. Section 15(a)(3) and 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendants his unpaid wages, all pecuniary losses, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and is entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and attorneys' fees.

## Jury Request

69.     Plaintiff requests a trial by jury for all issues so triable.

## Prayer

WHEREFORE, Plaintiff, **Jefferson Bastos,** prays that after due proceedings, there be judgment rendered herein in their favor, and against all Defendants, The Real Todd's Tickets Corp., Todd's Tickets Corp., Todd's Tickets, Inc., Hot Tixx, Inc., Front Row Tickets Inc., T R Communications Incorporated, and Todd A. Rubin, jointly and solidarily, in the full amount of his unpaid and/or underpaid overtime compensation, all lost wages and other pecuniary losses, plus equal amounts as liquidated damages, pre-judgment and post-judgment interest, costs and expenses, attorneys' fees, and all other damages to which he may be entitled in the premises.

Respectfully submitted:

s/ Steven F. Grover

_____
STEVEN F. GROVER (Fla. Bar No. 131296)
LAW OFFICE OF STEVEN F. GROVER
ONE E. BROWARD BLVD., SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005/FAX (954) 356-0010
E-MAIL: LAWHELP@EARTHLINK.NET
*PLAINTIFF'S COUNSEL*

Bastos.Complaint.092710